Matthew Sirolly, SBN 239984
Palyn Hung, SBN 299245
STATE OF CALIFORNIA
LABOR COMMISSIONER'S OFFICE
320 W. 4th Street, Suite 600
Los Angeles, CA 90013
Telephone No. (213) 897-1511
Facsimile No. (213) 897-2877
E-mail: msirolly@dir.ca.gov

Attorney for Plaintiff,
LABOR COMMISSIONER,
STATE OF CALIFORNIA

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

| | |
|---|---|
| In re<br><br>VICTOR LAMONT DAWSON AND MARY DEMETRIA DAWSON,<br><br>              Debtors.<br>_____<br><br>LABOR COMMISSIONER OF THE STATE OF CALIFORNIA,<br><br>          Creditor/Plaintiff,<br><br>v.<br><br>VICTOR LAMONT DAWSON<br><br>          Debtor/Defendant. | Case No. **26-BK-20288**<br><br>Chapter: 7<br><br>Adversary No.<br><br>**COMPLAINT TO REQUEST DETERMINATION OF DISCHARGEABILITY**<br><br>[11 U.S.C. §§ 523(a)(2)(A), (a)(4), (a)(6), and (a)(7)]<br><br>[HEARING DATE TO BE SET BY SUMMONS] |

Plaintiff Labor Commissioner of the State of California (hereinafter "Labor Commissioner"), by and through her undersigned attorney, alleges as to her and her own acts, and states upon information and belief as to all other matters, as follows:

# JURISDICTIONAL AVERMENTS

## AND DEBTS OWED TO THE LABOR COMMISSIONER

1. Defendant and Debtor Victor Lamont Dawson filed a voluntary petition for Chapter 7 bankruptcy with this Court on January 21, 2026.

2. Plaintiff Labor Commissioner, State of California ("Plaintiff" or "the Labor Commissioner") is a creditor in Defendant's bankruptcy proceeding. The Labor Commissioner is the head of California's Division of Labor Standards Enforcement, Department of Industrial Relations. The Labor Commissioner's Office is the state agency with primary responsibility for enforcing all provisions of the Labor Code and Industrial Welfare Commission Wage Orders governing wages, hours, and working conditions of California employees whose enforcement is not specifically delegated to another agency or division. (*See* Cal. Lab. Code §§ 61, 95(a).)

3. The Labor Commissioner brings this action to protect the rights of 29 employees ("the New Horizons Employees") who are owed unpaid wages and related Labor Code penalties by Defendant Victor Dawson and New Horizons School K-8 Corporation.

4. On October 18, 2024, the Labor Commissioner obtained a civil judgment for $678,985.42 against Defendant Victor Dawson and his related company, New Horizons School K-8 Corporation, arising from failure to pay statutorily required wages under the California Labor Code, including minimum wage and overtime, to the New Horizons Employees. (*See* Exh. A, Judgment.) This judgment was entered in the California Superior Court, County of Alameda. (*Id.*) This judgment was issued pursuant to an investigation and citation by the Labor Commissioner's Bureau of Field Enforcement. (*See id.*)

5. In August 2024, the Labor Commissioner obtained three judgments totaling $206,728.41 against New Horizons School K-8 Corporation for unpaid wages owed in excess of the statutory minimum ("contract wages") to the New Horizons Employees. (*See* Exh. B, New Horizons School K-8 Corporation judgments for contract wages.) These judgments were entered in the California Superior Court, County of Alameda. (*Id.*) These judgments were issued pursuant to an investigation and citation by the Labor Commissioner's Bureau of Field Enforcement. (*See id.*)

6. On August 28, 2024, the Labor Commissioner obtained a judgment for $113,788.36

against New Horizons School K-8 Corporation for statutory penalties under the California Labor Code for willful and intentional late payment of wages and failure to provide statutorily mandated sick pay balances to the New Horizons Employees. (*See* Exhibit C, New Horizons School K-8 Corporation judgment for sick pay and late pay penalties.) This judgment was entered in the California Superior Court, County of Alameda. (*Id.*)  This judgment was issued pursuant to an investigation and citation by the Labor Commissioner's Bureau of Field Enforcement. (*See id.*)

7.      In total, the amount owed to the New Horizons Employees under these judgments is $871,363.83 plus interest accrued on the judgments. The remaining $128,138.36, plus interest, owed under these judgments consists of civil penalties owed to the State of California as a result of the Labor Code violations committed by Defendant and New Horizons School K-8 Corporation.

8.      Defendant seeks a discharge of his debts under title 11, chapter 7, section 727 of the United States Code.  This discharge would include the Labor Commissioner's judgments.

9.      The Labor Commissioner seeks a determination of dischargeability pursuant to chapter 5, title 11, sections 523(a)(2)(A), 523(a)(4), 523(a)(6), and 523(a)(7) of the United States Code on the grounds set forth below.

10.     This is a core proceeding over which this Court has jurisdiction.  (*See* 28 U.S.C. §§ 157(b)(2)(I), 1334.)

11.     The Labor Commissioner consents to entry of final order or judgment in this proceeding by the Court.

## GENERAL AVERMENTS

### A.  Defendant's Role in New Horizons School

12.     Defendant Victor Dawson operated New Horizons School K-8 Corporation from 2019 through June 2024. New Horizons School K-8 Corporation operated New Horizons School, a private school in the city of Newark in Alameda County, California.

13.     Defendant Victor Dawson's wife and co-debtor Mary Dawson filed articles of incorporation for New Horizons School K-8 Corporation on May 10, 2019.

14.     The Labor Commissioner is informed and believes and on that basis alleges that Victor Dawson and/or co-Debtor Mary Dawson were the only executives and owners of New

Horizons School K-8 Corporation during its entire period of operation.

15. Since at least June 7, 2023, Defendant Victor Dawson has been listed in the California Secretary of State's records as the Chief Executive Officer, Chief Financial Officer, Secretary, and sole director of New Horizons School K-8 Corporation.

**B. The Labor Commissioner's Investigation of New Horizons School**

16. Beginning in 2023, New Horizons School K-8 Corporation employees ("New Horizons Employees") filed complaints with the Labor Commissioner regarding unpaid wages and other Labor Code violations.

17. The New Horizons Employees stated that these violations began occurring no later than 2022.

18. In 2024, the Labor Commissioner's Bureau of Field Enforcement conducted an investigation into these complaints, which included interviewing Defendant Victor Dawson, interviewing several employees of New Horizons School K-8 Corporation, and subpoenaing and reviewing records related to the school.

19. The investigation revealed that, over a period of at least two years, New Horizons School K-8 Corporation frequently paid employees late, failed to pay its employees, and/or wrote paychecks that were rejected for insufficient funds.

**C. Defendant's Fraud, Misrepresentations to Employees, and Diversion of Funds from New Horizons School K-8 Corporation for his Own Personal Use and Benefit**

20. These wage payment violations occurred repeatedly and regularly from at least the autumn of 2022 to the summer of 2024, showing that the nonpayment of employees was willful, intentional, malicious, and done with the intent to defraud these employees.

21. The Labor Commissioner is informed and believes and on that basis alleges that Defendant Victor Dawson created, authorized, and/or signed all insufficient funds checks to employees.

22. The Labor Commissioner is informed and believes and on that basis alleges that Defendant Victor Dawson knew that some or all of these checks were issued without sufficient funds in New Horizons School K-8 Corporation's bank account to negotiate them.

23. During this time period, Defendant Victor Dawson improperly diverted payments from New Horizons School K-8 Corporation for his own use and benefit, including through the issuance of large payments to himself from the New Horizons School K-8 Corporation's bank account of $24,715 on November 1, 2022; $2,084 on May 10, 2023; $27,600 on January 20, 2024; $20,000 on February 2, 2024; and $18,000 on February 15, 2024.

24. The Labor Commissioner is informed and believes and on that basis alleges that these transfers or payments to Defendant were not for reasonably equivalent value because they were not for debts owed by New Horizons School K-8 Corporation to the Defendant.

25. The Labor Commissioner is informed and believes and on this basis alleges that Defendant also improperly diverted payment from New Horizons School K-8 Corporation to pay personal expenses, including, *inter alia*, the purchase of motorcycle parts or services and care home fees for a family member.

26. The Labor Commissioner is informed and believes and on this basis alleges that Defendant diverted these payments from New Horizons School K-8 Corporation from at least September 2022 through June 2024 and that throughout this period New Horizons School K-8 Corporation regularly failed to pay earned wages to employees.

27. The Labor Commissioner is informed and believes and on this basis alleges Defendant was aware of his failure to pay employees of New Horizons School K-8 Corporation during this period and yet continued to divert funds from New Horizons School K-8 Corporation for his own personal use and benefit.

28. The Labor Commissioner is informed and believes and on this basis alleges that during this period Defendant Victor Dawson falsely represented to employees at New Horizons School K-8 Corporation that the school did not have the money to pay them their wages and that he would pay them as soon as the funds became available.

29. The Labor Commissioner is informed and believes and on this basis alleges that, during this period, Defendant Victor Dawson knew these representations were false and that he, in fact, was diverting money from New Horizons School K-8 Corporation that could have been used to pay employees their wages.

5

Adversary Proceeding Complaint to Determine Dischargeability
*Labor Commissioner v. Victor Lamont Dawson* (*In re Dawson*)

30. The Labor Commissioner is informed and believes and on this basis alleges that, during this period, the parents of students at New Horizons School K-8 Corporation became aware of and concerned about the school's failure to pay employees.

31. The Labor Commissioner is informed and believes and on this basis alleges that, during this period, Defendant Victor Dawson falsely represented to parents of students at New Horizons School K-8 Corporation that tuition fees they paid would be used to pay employees and that parents paid advanced tuition fees to the school for this purpose.

32. The Labor Commissioner is informed and believes and on this basis alleges that Defendant used some or all of these tuition fees for his own personal use and benefit.

### D. **Defendant's Embezzlement of CalSavers Funds**

33. The Labor Commissioner is informed and believes and on this basis alleges that Defendant Victor Dawson deducted funds from New Horizons Employees' paychecks during this period, representing to them that he would deposit these funds with the CalSavers Retirement Savings Program ("CalSavers").

34. CalSavers is a retirement savings program established by the CalSavers Retirement Savings Trust Act (Cal. Gov. Code sections 100000-10050) for California workers who do not have another way to save for retirement.

35. Defendant Victor Dawson made these representations about deposits to CalSavers on paystubs verbally and in writing, including by placing a line on employees' paystubs that described the deductions as "CalSavers".

36. The Labor Commissioner is informed and believes and on this basis alleges that, despite these representations, Defendant Victor Dawson in fact failed to deposit all of the funds deducted from employees' paychecks with CalSavers and instead used these funds to pay other debts and/or for his own personal use and benefit.

37. The Labor Commissioner is informed and believes and on this basis alleges that New Horizons Employees who reviewed their CalSavers account balances discovered that they did not show the contributions that Defendant Victor Dawson falsely claimed to have made to them.

38. In May 2024, during the course of the Labor Commissioner's investigation,

Defendant Victor Dawson admitted to the Labor Commissioner's investigator that he had failed to pay at least $15,500 to pay to CalSavers that he had withheld from employee paychecks.

### E.  Related Judgments and Criminal Proceedings

39.     As of the filing of this complaint, Defendant Victor Dawson owes New Horizons K-8 School Employees a total of at least $581,785.42 plus additional interest under the judgment attached as Exhibit A to this complaint.

40.     As of the filing of this complaint, New Horizons School K-8 Corporation owes employees at least $879,091.81 plus additional interest under the judgments attached as Exhibits A, B, and C to this complaint.

41.     As of the filing of this complaint, the total amount owed by New Horizons School K-8 Corporation under the Labor Commissioner's judgments, including civil penalties (fines payable to the State of California), is $999,502.19 plus interest. (*See* Exhibits A, B, and C.)

42.     On January 16, 2026, the Alameda County District Attorney's Office filed criminal charges against Defendant Victor Dawson for, *inter alia*, theft of wages, embezzlement, fraudulent issuance of insufficient funds checks to employees, and procurement of labor and money by false pretenses while operating New Horizons School K-8 Corporation. (*See* Exhibit D, Criminal Complaint.) This case is currently pending with the Alameda County Superior Court.

### EXHIBITS

43.     All Exhibits attached to this complaint are incorporated by reference as though fully set forth in this Complaint.

44.     Attached to this Complaint as "**Exhibit A**" is a true and correct copy of the Labor Commissioner's October 18, 2024, civil judgment for $678,985.42 against Victor Dawson and his related company, New Horizons School K-8 Corporation, arising from failure to pay statutorily required wages under the California Labor Code to the New Horizons Employees.

45.     Attached to this Complaint as "**Exhibit B**" are true and correct copies of the Labor Commissioner's August 2024 judgments against New Horizons School K-8 Corporation for failure to pay contract wages above the statutory minimums to its employees.

46.     Attached to this Complaint as "**Exhibit C**" is a true and correct copy of the Labor

Commissioner's August 28, 2024, judgment against New Horizons School K-8 Corporation for $113,788.36 for statutory penalties under the California Labor Code for willful and intentional late payment of wages and failure to provide statutorily mandated sick pay information to employees.

47. Attached to this Complaint as "**Exhibit D**" is a true and correct copy of the January 16, 2026, criminal complaint filed by the Alameda County District Attorney's Office against Defendant Victor Dawson.

## FIRST CLAIM FOR RELIEF

(To Determine Dischargeability of Debt Owed to Plaintiff Pursuant to 11 U.S.C. § 523(a)(2)(A) – False Pretenses, False Representation, or Actual Fraud)

48. Plaintiff repeats and incorporates by reference, as though set forth fully herein, the preceding paragraphs of this complaint.

49. As alleged above, Defendant Victor Dawson obtained money and/or services of the New Horizons Employees by false pretenses, false representations, and/or actual fraud.

50. As alleged above, Defendant Victor Dawson failed to pay the New Horizons Employees for the time that they worked and misappropriated school funds that should have been used to pay these employees.

51. As alleged above, Defendant Victor Dawson knowingly issued insufficient funds checks to the New Horizons Employees on numerous occasions in 2022 and 2023.

52. As alleged above, Defendant Victor Dawson falsely represented to the New Horizons Employees that he would pay them wages and make up for missed wage payments despite knowing he would not or could not do so or with reckless disregard for the falsity of these representations.

53. As alleged above, despite these representations, Defendant Victor Dawson misappropriated funds from New Horizons School K-8 Corporation from 2022 to 2024 for his own personal use and benefit, knowing or recklessly disregarding that this would prevent New Horizons School K-8 Corporation from having the funds necessary to pay its employees.

54. As alleged above, Defendant Victor Dawson falsely represented to the parents of students at New Horizons K-8 School that tuition fees would be used to pay wages owed to the

New Horizons Employees.

55. As alleged above, Defendant Victor Dawson in fact received payment from parents for this purpose, including advanced tuition fees that would not normally have been paid.

56. As alleged above, Defendant Victor Dawson frequently failed to pay these amounts to the New Horizons Employees who were owed wages and instead used them to pay other debts or for his own personal use and benefit.

57. Thus, Defendant Victor Dawson acted under false pretenses while engaging employees, fraudulently misrepresented his intentions to both employees and the tuition-paying customers of the school, and made numerous related false representations to carry out a fraudulent scheme designed to enrich himself at the expense of his employees and students.

58. Defendant Victor Dawson's wrongful acts resulted in damages to Plaintiff and the New Horizons Employees in the amount of no less than $999,502.19.

### SECOND CLAIM FOR RELIEF

(To Determine Dischargeability of Debt Owed to Plaintiff Pursuant to 11 U.S.C. § 523(a)(2)(A) – Actual Fraud: Fraudulent Transfer)

59. Plaintiff repeats and incorporates by reference, as though set forth fully herein, the preceding paragraphs of this complaint.

60. Fraudulent conveyance schemes are actual fraud for the purposes of determining dischargeability. *See Husky International Electronics, Inc. v. Ritz*, 578 U.S. 356 (2016).

61. As alleged above, Defendant directly and/or indirectly transferred money out of New Horizons School K-8 Corporation's bank account for his own personal use and benefit between 2022 and 2024.

62. As alleged above, these transfers or payments to the Defendant were not for reasonably equivalent value given by him.

63. As alleged above, Defendant continued to make these transfers after incurring obligations to the New Horizons Employees for unpaid wages and after becoming aware of these obligations.

64. As alleged above, at the time of some or all these transfers, Defendant knew that

Adversary Proceeding Complaint to Determine Dischargeability
*Labor Commissioner v. Victor Lamont Dawson (In re Dawson)*

New Horizons School K-8 Corporation owed wages to its employees and would not have funds to pay employees as a result of the transfers.

65. The Labor Commissioner is informed and believes and on this basis alleges that Defendant made transfers with the actual intent to hinder, delay, or defraud New Horizons School K-8 Corporation's creditors' ability to collect the amounts owed to them. These creditors included the New Horizons Employees, who were owed wages, statutory damages, and statutory penalties under the California Labor Code.

66. Defendant's wrongful acts resulted in damages to Plaintiff and the New Horizons Employees in the amount of no less than $999,502.19.

### THIRD CLAIM FOR RELIEF

(To Determine Dischargeability of Debt Owed to Plaintiff Pursuant to 11 U.S.C. § 523(a)(4) – Fraud while Acting as Fiduciary, Embezzlement, or Larceny)

67. Plaintiff repeats and incorporates by reference, as though set forth fully herein, the preceding paragraphs of this complaint.

68. As alleged above, the Labor Commissioner's judgment against Defendant results, in part, from Defendant's conversion, theft, and/or embezzlement of funds from the New Horizons Employees' paychecks that Defendant Victor Dawson falsely represented he did, or would, deposit into CalSavers accounts on their behalf.

69. As alleged above, Defendant Victor Dawson failed to deposit these funds with CalSavers and instead used at least $15,500 of these funds for other debts owed or for his own personal use and benefit.

70. Defendant Victor Dawson was acting in a fiduciary capacity with respect to these funds that were the property of the employees when he misappropriated them. Defendant embezzled these funds within the meaning of 11 U.S.C. § 523(a)(4) and/or Defendant committed an intentional conversion, or larceny, of these funds.

71. Defendant Victor Dawson's wrongful acts resulted in damages to Plaintiff and the New Horizons Employees in the amount of no less than $15,500.

//

## **FOURTH CLAIM FOR RELIEF**

(To Determine Dischargeability of Debt Owed to Plaintiff Pursuant to 11 U.S.C. § 523(a)(6) –Debt Arising from Willful and Malicious Injury to Property)

72. Plaintiff repeats and incorporates by reference, as though set forth fully herein, the preceding paragraphs of this complaint.

73. As set forth above, the Labor Commissioner's judgment against Defendant Victor Dawson results from his willful and malicious conduct.

74. As set forth above, Defendant Victor Dawson had the ability to pay the New Horizons Employees some or all of the wages they earned.

75. As set forth above, Defendant Victor Dawson knew these wages were due and, in fact, promised both New Horizons Employees and tuition-paying parents of students at the school that he would pay these employees.

76. As set forth above, rather than paying his New Horizons Employees for those hours, he chose to use the money his school received for his own personal use and benefit.

77. Such a flagrant failure to pay wages constitutes a willful and malicious injury within the meaning of 11 U.S.C. Section 523(a)(6). *See In re Jercich*, 238 F.3d 1202, 1205, 1208 (9th Cir. 2001) ("where an intentional breach of contract is accompanied by tortious conduct [failure to promptly pay wages due] which results in willful and malicious injury, the resulting debt is excepted from discharge under § 523(a)(6). . . . the willful injury requirement of § 523(a)(6) is met when it is shown either that the debtor had a subjective motive to inflict the injury *or* that the debtor believed that injury was substantially certain to occur as a result of his conduct.") (emphasis in original); *see also In re Zeppinick*, 747 Fed.Appx. 542, 544 (9th Cir. 2018) (mem.) (debtor's withholding of wages even though he had money to pay was tortious and resulted in willful and malicious injury); *In re Martinez*, 2008 WL 954164 at *8 (willful and malicious injury where contractor fraudulently induced creditor into contract by knowing misrepresentation, had no intent to finish project, and "although he did so for his own gain rather than with intent to hurt them, injury to Mr. and Mrs. Torres from the loss of their funds was a substantial and foreseeable certainty").

78. Defendant's willful and malicious conduct resulted in nondischargeable debts to Plaintiff and New Horizons Employees in an amount no less than $999,502.19.

### FIFTH CLAIM FOR RELIEF

(Determining Dischargeability of Debt Owed to Plaintiff Pursuant to 11 U.S.C. § 523(a)(7) – Fine or Penalty Owed to a Governmental Unit)

79. Plaintiff repeats and incorporates by reference, as though set forth fully herein, the preceding paragraphs of this complaint.

80. As set forth above, the Labor Commissioner's judgment against Defendant Victor Dawson and New Horizons K-8 Corporation ("Exhibit A") includes civil penalties payable to the State of California. The amount of civil penalties included in this judgment is $97,200.00. (*See* Exhibit A at 2.)

81. These civil penalties are fines imposed by the Labor Code for violations of the state minimum labor standards, including failure to pay minimum wages, overtime wages, and split-shift premiums.

82. They are not compensation for an actual loss to Plaintiff.

83. Thus, these civil penalties are non-dischargeable under section 523(a)(7) of the Bankruptcy Code.

84. Although an adversary proceeding is not required to determine the nondischargeability of these fines and penalties under section 523(a)(7), the Labor Commissioner requests that the Court enter an order determining the non-dischargeable amount of the judgment attached as Exhibit A.

85. As set forth above, this judgment includes both civil penalties payable to the State of California and amounts owed to the New Horizons Employees, which are nondischargeable under sections 523(a)(2)(A), (a)(4), and (a)(6). Thus, to avoid ambiguity, the Labor Commissioner seeks an order declaring that $97,200.00 of the judgment attached as Exhibit A to this Complaint is nondischargeable under section 523(a)(7) of the Bankruptcy Code.

//

//

Adversary Proceeding Complaint to Determine Dischargeability
*Labor Commissioner v. Victor Lamont Dawson* (*In re Dawson*)

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment in her favor against Defendant as follows:

1. That the judgment the Labor Commissioner obtained against Defendant Victor Dawson, which is attached as Exhibit A, be declared to be non-dischargeable pursuant to 11 U.S.C. Sections 523(a)(2)(A), 523(a)(4), 523(a)(6), and 523(a)(7) and that the Labor Commissioner be permitted to recover from Defendant the full amount due on this judgment, including all interest and costs authorized by law;

2. That judgment be entered in this Court in favor of the Labor Commissioner and against Defendant Victor Dawson in the amount of no less than $999,502.19;

3. For attorney's fees and costs incurred in this proceeding as permitted by applicable law;

4. For such other and further relief as this Court deems just and proper.

STATE OF CALIFORNIA
DEPARTMENT OF INDUSTRIAL RELATIONS
DIVISION OF LABOR STANDARDS ENFORCEMENT

DATED: April 28, 2026

By: Matthew Sirolly
Attorney for Plaintiff-Creditor, Labor Commissioner of the State of California

Adversary Proceeding Complaint to Determine Dischargeability
*Labor Commissioner v. Victor Lamont Dawson* (*In re Dawson*)